# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| **CASEY BYRD,**<br>      Plaintiff,<br><br>vs.<br><br>**PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,**<br>      Defendant. | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### *I.   INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Casey Byrd, an individual consumer, against defendant Performant Recovery, Inc. for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.   JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227 et seq., and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

1

### III.  PARTIES

3. Plaintiff, Casey Byrd is a consumer, a natural person allegedly obligated to pay any debt, residing in Orangeburg County, in the state of South Carolina.

4. Defendant, Performant Recovery, Inc. is a foreign company engaged in the business of collecting debt in this state with its principal place of business located in the state of California.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for

personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to September 28, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to sue Plaintiff itself, when it does not have the requisite legal standing to do so.

10. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

## V.     FIRST CLAIM FOR RELIEF

11. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

12. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and
>
> (b) Defendant violated *§1692e(10)* of the FDCPA by using false,

3

       deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

13. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Casey Byrd for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.   SECOND CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the South Carolina Consumer Protection Code § 37-5-101 et seq. (hereinafter "SCCPC").

16. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated §37-5-108(5)(c) of the SCCPC by using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction; and

    (b) Defendant violated §37-5-108(5)(b)(vii) of the SCCPC by engaging any person in a telephone conversation with intent to annoy, abuse, or harass any person at the called number.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the SCCPC, Defendant is liable to the Plaintiff for actual damages, and statutory damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the SCCPC.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

Dated: March 04, 2013

                      RESPECTFULLY SUBMITTED,

                      By: /s/ Chauntel Bland
                      Chauntel Bland, Esq.
                      463 Regency Park Drive
                      Columbia SC 29210
                      Phone: (803) 319-6262
                      Fax: (866) 322-6815
                      chauntel.bland@yahoo.com

## **DEMAND FOR JURY TRIAL**

      PLEASE TAKE NOTICE that plaintiff Casey Byrd demands trial by jury in this action.